UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | |
|---|---|
| MIQUEL CARIAS, MARIO WASHINGTON, HORACIO TORRES BONILLA, IRIS PICONE, ZENA MATOS and BERTA P. ORTIZ, individually and on behalf all others similarly situated,<br><br>              Plaintiffs,<br><br>  - against -<br><br>MONSANTO COMPANY, a Delaware corporation; DOES 1-10, inclusive,<br><br>              Defendants. | Case No.  15 CV 3677<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

---------------------------------------------------------------X

CLASS ACTION COMPLAINT

Plaintiffs, MIQUEL CARIAS, MARIO WASHINGTON, HORACIO TORRES BONILLA, IRIS PICONE, ZENA MATOS and BERTA P. ORTIZ, by and through their counsel, brings this Class Action Complaint against MONSANTO COMPANY, on behalf of themselves and all others similarly situated, and allege, upon personal knowledge as to their own actions and their counsel's investigations, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1.      This is a consumer protection and false advertising class action. Defendant, MONSANTO COMPANY, markets, advertises and distributes "Roundup" (hereinafter, "the "Product"), the world's most popular weed killer. Defendant makes the claim that the primary ingredient in the Product, glyphosate, works by targeting an enzyme supposedly found only in plants, *but not in people*. And this is blatantly false.

2.      Contrary to Defendant's claim, the primary ingredient in the Product, glyphosate, targets an enzyme found in both plants *and* people. Therefore, where Defendant advertises that the Product targets an enzyme "not found in people," such claim is objectively false and inherently misleading.

3.      Plaintiffs bring claims against Defendant individually and on behalf of a nationwide class of all other similarly situated purchasers of the Product for violations of New York's General Business Law §§ 349 and 350. Plaintiffs seek an order requiring Defendant to, among other things: (a) strike the offending slogan from all Roundup labels; (b) conduct a corrective advertising campaign; and (c) pay damages and restitution to Plaintiffs and Class members.

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332(d)(2), inasmuch as the class contains at least one member of diverse citizenship from Defendant and the amount in controversy exceeds $5 million.

5.      The Court has personal jurisdiction over Defendant because Defendant is authorized to, and conducts, substantial business in New York, generally, and this District, specifically. Defendant has marketed, promoted, distributed and sold the Product in New York.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1), inasmuch as a substantial part of the events and omissions giving rise to this action occurred in this District as Defendant distributes the Product for sale within this District.

## PARTIES

7.      Plaintiff, MIQUEL CARIAS, is a resident of Nassau County, New York, and brings this lawsuit on behalf of himself, as an individual, and on behalf of all other similarly situated persons in New York.

8.      Mr. Carias has purchased the Product on several occasions in Nassau County, New York, over the past four years in reliance on Defendant's representations that the Product targets an enzyme supposedly found only in plants.

9.      Specifically, on the label of the Product Plaintiff has repeatedly purchased, the following words prominently appear: "Glyphosate targets an enzyme found in plants but not in people or pets".

CLASS ACTION COMPLAINT

10.    This representation was material to Mr. Carias' decision to make the purchases. Mr. Carias would not have purchased the Product or would have purchased alternative products in the absence of the representation. As a result of purchasing a product in reliance on advertising that was false, Mr. Carias has suffered injury in fact and lost money as a result of the unfair business practice alleged here.

11.    Plaintiff, MARIO WASHINGTON, is a resident of Queens County, New York, and brings this lawsuit on behalf of himself, as an individual, and on behalf of all other similarly situated persons in New York.

12.    Mr. Washington has purchased the Product on several occasions in Queens County, New York, over the past four years in reliance on Defendant's representations that the Product targets an enzyme supposedly found only in plants.

13.    Specifically, on the label of the Product Plaintiff has repeatedly purchased, the following words prominently appear: "Glyphosate targets an enzyme found in plants but not in people or pets".

14.    This representation was material to Mr. Washington's decision to make the purchases. Mr. Washington would not have purchased the Product or would have purchased alternative products in the absence of the representation. As a result of purchasing a product in reliance on advertising that was false, Mr. Washington has suffered injury in fact and lost money as a result of the unfair business practice alleged here.

CLASS ACTION COMPLAINT

15.     Plaintiff, HORACIO TORRES BONILLA, is a resident of Bronx County, New York, and brings this lawsuit on behalf of himself, as an individual, and on behalf of all other similarly situated persons in New York.

16.     Mr. Bonilla has purchased the Product on several occasions in Bronx County, New York, over the past four years in reliance on Defendant's representations that the Product targets an enzyme supposedly found only in plants.

17.     Specifically, on the label of the Product Plaintiff has repeatedly purchased, the following words prominently appear: "Glyphosate targets an enzyme found in plants but not in people or pets".

18.     This representation was material to Mr. Bonilla's decision to make the purchases. Mr. Bonilla would not have purchased the Product or would have purchased alternative products in the absence of the representation. As a result of purchasing a product in reliance on advertising that was false, Mr. Bonilla has suffered injury in fact and lost money as a result of the unfair business practice alleged here.

19.     Plaintiff, IRIS PICONE, is a resident of Bronx County, New York, and brings this lawsuit on behalf of herself, as an individual, and on behalf of all other similarly situated persons in New York.

20.     Ms. Picone has purchased the Product on several occasions ·in Bronx County, New York over the past four years in reliance on Defendant's representations that the Product targets an enzyme supposedly found only in plants.

21.     Specifically, on the label of the Product Plaintiff has repeatedly purchased, the following words prominently appear: "Glyphosate targets an enzyme found in plants but not in people or pets".

22.     This representation was material to Ms. Picone's decision to make the purchases. Ms. Picone would not have purchased the Product or would have purchased alternative products in the absence of the representation. As a result of purchasing a product in reliance on advertising that was false, Ms. Picone has suffered injury in fact and lost money as a result of the unfair business practice alleged here.

23.     Plaintiff, ZENA MATOS, is a resident of Bronx County, New York, and brings this lawsuit on behalf of herself, as an individual, and on behalf of all other similarly situated persons in New York.

24.     Ms. Matos has purchased the Product on several occasions in Bronx County, New York, over the past four years in reliance on Defendant's representations that the Product targets an enzyme supposedly found only in plants.

25.     Specifically, on the label of the Product Plaintiff has repeatedly purchased, the following words prominently appear: "Glyphosate targets an enzyme found in plants but not in people or pets".

26.     This representation was material to Ms. Matos' decision to make the purchases. Ms. Matos would not have purchased the Product or would have purchased alternative products in the absence of the representation. As a result of purchasing a product in reliance on advertising that was false, Ms. Matos has suffered injury in fact and lost money as a result of the unfair business practice alleged here.

CLASS ACTION COMPLAINT

27.     Plaintiff, BERTA P. ORTIZ, is a resident of Bronx County, New York, and brings this lawsuit on behalf of herself, as an individual, and on behalf of all other similarly situated persons in New York.

28.     Ms. Ortiz has purchased the Product on several occasions in Bronx County, New York, over the past four years in reliance on Defendant's representations that the Product targets an enzyme supposedly found only in plants.

29.     Specifically, on the label of the Product Plaintiff has repeatedly purchased, the following words prominently appear: "Glyphosate targets an enzyme found in plants but not in people or pets".

30.     This representation was material to Ms. Ortiz's decision to make the purchases. Ms. Ortiz would not have purchased the Product or would have purchased alternative products in the absence of the representation. As a result of purchasing a product in reliance on advertising that was false, Ms. Ortiz has suffered injury in fact and lost money as a result of the unfair business practice alleged here.

31.     Defendant, MONSANTO COMPANY, ("MONSANTO"), is a Delaware corporation in "active" status with its principal place of business in St. Louis, Missouri. Defendant advertises and sells goods to consumers in New York and throughout the United States.

32.     DOES 1 – 10 are herein sued under fictitious names; when their true names are known, Plaintiffs will amend. Along with the named Defendant, each DOE Defendant is a proximate cause of Plaintiffs' harm.

CLASS ACTION COMPLAINT

## SUBSTANTIVE ALLEGATIONS

33.     Defendant manufactures Roundup, the world's most popular weed killer. Roundup's active ingredient is a potent "biocide" called glyphosate, which inhibits weeds from producing a certain enzyme they need in order to live.

34.     Glyphosate inhibits production of the enzyme, *EPSP synthase*, which is produced by weeds, plants, bacteria, fungi, algae, and billions of various microbes.

35.     Glyphosate works by inhibiting weeds from producing *EPSP synthase*— and once rendered unable to produce this enzyme—weeds cannot uptake minerals, nor can they make proteins from amino acids. Weeds then starve to death.

36.     This lawsuit challenges a specific claim that appears on all Roundup labels (*see,* **"Exhibit A"**, annexed hereto), which reads… "GLYPHOSATE TARGETS AN ENZYME FOUND IN PLANTS BUT NOT IN PEOPLE OR PETS." …as this claim is absolutely, positively false.

37.     Glyphosate does indeed target an enzyme "found in people." Produced within our bodies, the targeted enzyme is in fact "found in people"—in our gut bacteria.

38.     Defendant's claim is plainly false because the targeted enzyme, factually speaking, is "found in people," specifically, in our stomachs and intestines. Because the enzyme that glyphosate targets is indeed found in people, in our gut bacteria, it is therefore objectively false (and inherently misleading) for Defendant to claim that glyphosate targets an enzyme not found in people.

39.   The truth is, glyphosate targets an enzyme that is indisputably found in people—and based on this material fact, which Defendant cannot deny, Plaintiffs' lawsuit here prevails at this juncture.

40.   Defendant cannot deny that Roundup targets an enzyme that is physically located inside of people and this fact is beyond dispute.

41.   The precise falsehood comes with Defendant's choice of words, "found in," because the targeted enzyme is indeed "found in" people, specifically, in our gut bacteria, a.k.a. "microbiota."

42.   Commonly called gut bacteria, or gut flora, the proper term "microbiota" refers to the innumerable microbial colonies—over one hundred trillion—that dwell inside our stomachs and intestines. The total microbiota "found in" humans can weigh up to 5 lbs.—with fully one-third of our microbiota common to all humans— and many consider it an organ (just like the heart or lungs). Our microbiota are responsible for digestion, metabolism, and healthy immune system function.

43.   Glyphosate is a "non-selective" weed killer, meaning it kills indiscriminately based only on whether a given organism produces the enzyme, *EPSP synthase*. Most significantly, because our gut bacteria produce *EPSP synthase*, this means that our gut bacteria are vulnerable to being killed-off by glyphosate.

43.   Just like it inhibits backyard weeds from producing *EPSP synthase*— glyphosate also inhibits our gut bacteria from producing it, and in both cases, the end result is the same; inability to produce the enzyme spells death for both backyard weeds and gut bacteria.

44.     The same chemistry that kills backyard weeds likewise kills gut bacteria, and this bacteria kill-off compromises our digestion, metabolism and vital immune system functions.

45.     Sprayed as a liquid, (not a "dust"), plants absorb glyphosate directly through their leaves, stems, and roots and detectable quantities accumulate in plant tissues.

46.     When we eat crops sprayed with glyphosate, we ingest glyphosate, and detectable quantities accumulate in our tissues. The industry pretends that only a tad of glyphosate lingers on the *outside* of the food, as "topical residue," while ignoring "systemic residue" *inside* the food.

47.     Glyphosate "bio-accumulates"—our bodies store it up—and there is no safe threshold for its accumulation. Glyphosate has been detected in urine, blood, even breast milk—and 75% of rainwater samples.

48.     In addition to its use as weed killer, glyphosate also has an "off-label" use—to prematurely "ripen" crops.

49.     Ever anxious to get crops to market, farmers now accelerate the "ripening" process by using a smidgeon of glyphosate, just before harvest time, to partially starve the crops, which mimics the "ripening" process.

50.     In 2013, EPA raised minimum glyphosate levels for crops and this opened the floodgates for glyphosate.

CLASS ACTION COMPLAINT

51.     Despite industry rhetoric about less pesticide use, our world today is saturated with *more* glyphosate than ever before. Today, glyphosate is ubiquitous. Each year, approx. 250 millions pounds are sprayed on crops, suburban lawns, parks and golf courses. Driven mainly by proliferation of genetically engineered crops, glyphosate use now skyrockets.

52.     Defendant genetically engineers crops to make them glyphosate tolerant, *i.e.*, "Roundup Ready." And while these genetically engineered crops may be glyphosate tolerant, our gut bacteria most certainly are not.

53.     Glyphosate is a "biocide," essentially an "antibiotic," which means that most Americans eat "antibiotics" at every meal. Some believe that glyphosate causes "antibiotic-resistant" bacterial infections, and many folks take dietary supplements, *"probiotics,"* to replenish the beneficial gut bacteria that glyphosate kills.

54.     As farmers spray ever more glyphosate, season after season, some weeds become resistant and fields are then overgrown with "super weeds." This same phenomenon also occurs in our stomachs and intestines; as we ingest ever more glyphosate, meal after meal, some gut bacteria become resistant and our bodies are then overgrown with these heartier microbes—essentially "super weeds." And when this happens, the resulting imbalance allows opportunistic pathogens to rise-up and spread disease throughout our bodies.

55.     Because glyphosate kills-off gut bacteria that regulate *digestive functions,* many believe it is responsible for America's chronic indigestion.

56.     Further, because it kills-off gut bacteria that regulate *immune system functions*, many believe glyphosate is responsible for America's chronic auto-immunity disorders.

57.     Additionally, because it kills-off our gut bacteria, glyphosate is linked to stomach and bowel problems, indigestion, ulcers, colitis, gluten intolerance, insomnia, lethargy, depression, Crohn's Disease, Celiac Disease, allergies, obesity, diabetes, infertility, liver disease, renal failure, autism, Alzheimer's and endocrine disruption.

58.     Moreover, the W.H.O. recently announced that glyphosate is "probably carcinogenic" (many believe that the EPA has known, for at least 30 years, of glyphosate's cancer-causing potential).

59.     Defendant also conceals the fact that *EPSP synthase* is "found in" our pets, *e.g.*, dogs and cats, in their gut bacteria, which of course regulate canine and feline digestion, metabolism and vital immune system function.

60.     In addition to being *objectively false*, Defendant's advertising claim is also *inherently misleading* because it creates the misimpression that glyphosate has no affect on people or pets, when in reality, it directly affects both people and pets—by killing-off beneficial gut bacteria.

61.     The fact that all Roundup labels bear the same false and misleading slogan (*see,* **"Exhibit A"**), demonstrates Defendant's intent to misinform the public.

62.     Plaintiffs detrimentally relied on Defendant's false claims.

CLASS ACTION COMPLAINT

63.    When they purchased Roundup, Plaintiffs believed that glyphosate targets and kills only the weeds in our backyards, but Plaintiffs now know the real truth, *i.e.*, that glyphosate also targets and kills the "weeds" in our digestive systems, which contain beneficial gut bacteria that our bodies require for proper digestion, metabolism, and healthy immune system function.

64.    Plaintiffs are entitled to judgment because Defendant cannot deny that our digestive systems contain bacteria that produce *EPSP synthase,* which glyphosate inhibits. Plaintiffs must therefore prevail.

65.    As a direct result of Defendant's false claims, Plaintiffs were led to believe that Roundup would not affect them, but their beliefs were based on Defendant's falsehoods.

66.    Defendant continues to sell Roundup with false and misleading labeling; therefore, Plaintiffs seek a court order to prohibit Defendant from ever again falsely claiming that glyphosate targets an enzyme, "*not found in people or pets.*" Unless restrained by court order, Defendant will continue to mislead others.

67.    Plaintiffs will now reveal the multi-layered deception that underpins the claim, "Glyphosate targets an enzyme found in plants, but not in people or pets" (*see,* **"Exhibit A"**).

68.    Remarkably, this 13-word sentence contains a grand total of three material falsehoods:

(i) "found in" – Defendant's claim that glyphosate targets an enzyme not "found in" people is of course plainly false; as above stated, *EPSP synthase* is indeed "found in" people;

(ii) "an enzyme" – Defendant's claim that glyphosate targets "an" enzyme is false; the truth is, glyphosate also inhibits production of *other* plant and animal "enzymes"—plural, not singular; and

(iii) "targets" – Defendant's claim that glyphosate "targets" is false; glyphosate is a "non-selective" weed killer that kills indiscriminately; in other words, it "targets" nothing. Glyphosate is a patented "biocide"—*i.e.*, it "kills life."

69. Defendant misleads the general public by concealing the truth about (a) glyphosate, and (b) the enzyme, *EPSP synthase*, namely: (i) that *EPSP synthase* is "found in" people and pets; (ii) that glyphosate inhibits production of many *other* plant and animal enzymes; and (iii) that glyphosate lacks the ability to target with specificity.

70. Glyphosate is an indiscriminate killer that broadly kills—and the individual glyphosate molecules have no way of knowing whether they're killing weeds in our backyards or weeds in our digestive systems.

## CLASS ACTION ALLEGATIONS

71. Plaintiffs seek relief in their individual capacity and seek to represent a class consisting of all others who are similarly situated.

CLASS ACTION COMPLAINT

72.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiffs seek certification of a class initially defined as follows:

> **All persons who from June 23, 2011 until the date notice is disseminated to the Class (the "Class Period"), purchased Roundup, or Roundup-related products in New York.**

73.     Excluded from the Class are Defendant and its subsidiaries and affiliates, Defendant's executives, board members, legal counsel, the judges and all other court personnel to whom this case is assigned, their immediate families, and those who purchased the Product for the purpose of resale.

74.     <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). The potential members of the Class as defined are so numerous that joinder of all members is unfeasible and not practicable. While the precise number of Class members has not been determined at this time, Plaintiffs are informed and believe that many thousands or millions of consumers have purchased the Product.

75.     <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are no affirmative defenses that Defendant may assert against some, but not all members. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members.   These common questions of law and fact include, without limitation:

(a)     Whether Defendant's claim that "[g]lyphosate targets an enzyme found in plants but not in people or pets" is true or false or likely to deceive a reasonable consumer;

(b)     Whether Defendant violated New York General Business Law §
349;

(c)     Whether Defendant violated New York General Business Law §
350; and

(d)     The nature of the relief, including equitable relief, to which
Plaintiffs and the Class members are entitled.

76.     Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of the
claims of the Class. Plaintiffs and all Class members were exposed to uniform practices
and sustained injury arising out of and caused by Defendant's unlawful conduct.

77.     Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly
and adequately represent and protect the interests of the members of the Class.  Plaintiffs'
Counsel are competent and experienced and anticipate no difficulties in maintaining this
litigation as a class action.

78.     Superiority of Class Action. Fed. R. Civ. P. 23(b)(3). A class action is
superior to other available methods for the fair and efficient adjudication of this
controversy since joinder of all the members of the Class is impracticable. Furthermore,
the adjudication of this controversy through a class action will avoid the possibility of
inconsistent and potentially conflicting adjudication of the asserted claims.

79.     Injunctive and Declaratory Relief. Fed. R. Civ. P. 23(b)(2). Defendant's
misrepresentations are uniform as to all members of the Class. Defendant has acted or
refused to act on grounds that apply generally to the Class, so that final injunctive relief
or declaratory relief is appropriate with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### (Violation of New York General Business Law § 349)

80.     Plaintiffs incorporate by reference and re-allege the substantive allegations set forth above.

81.     As alleged above, by advertising, marketing, distributing and/or selling the Product to Plaintiffs and Class members, Defendant engaged in and continues to engage in deceptive acts and practices in violation of Section 349 of the New York General Business Law.

82.     Plaintiffs, on behalf of themselves and Class members, seek equitable relief in the form of an Order requiring Defendant to refund Plaintiffs and all Class members all monies they paid for the Product.

83.     Plaintiffs and Class members seek to enjoin such unlawful deceptive acts and practices alleged above. Each Class member will be irreparably harmed unless Defendant's unlawful actions are enjoined because Defendant will continue to mislead consumers with its deceptive advertising. Therefore, Plaintiffs and Class members request an Order prohibiting Defendant from engaging in the alleged misconduct and performing a corrective advertising campaign.

## SECOND CAUSE OF ACTION
### (Violation of New York General Business Law § 350)

84.     Plaintiffs incorporate by reference and re-allege the substantive allegations set forth above.

CLASS ACTION COMPLAINT

85.     Plaintiffs bring this claim on behalf of themselves and on behalf of the Class.

86.     As described above, Defendant engaged in false and misleading marketing and advertising claims by falsely representing that the Product "targets an enzyme found in plants but not in people or pets" in violation of Section 350 of the New York General Business Law.

87.     As set forth above, Defendant engaged in and continues to engage in false advertising by advertising, marketing, distributing and/or selling the Product to Plaintiffs and Class members.

88.     As a direct and proximate result of Defendant's violations, Plaintiffs suffered injury in fact and lost money.

89.     Plaintiffs, on behalf of themselves and Class members, seek equitable relief in the form of an Order requiring Defendant to refund Plaintiffs and Class members all monies they paid for the Product.

90.     Plaintiffs and Class members seek to enjoin such unlawful deceptive acts and practices alleged above. Each Class member will be irreparably harmed unless Defendant's unlawful actions are enjoined because Defendant will continue to mislead consumers with its deceptive advertising. Therefore, Plaintiffs and Class members request an Order prohibiting Defendant from engaging in the alleged misconduct and performing a corrective advertising campaign.

CLASS ACTION COMPLAINT

## JURY DEMAND

Plaintiffs demand a trial by jury of all claims in this Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

A.     Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff, MIQUEL CARIAS, as Class Representative and appointing the undersigned counsel as Class Counsel;

B.     Ordering Defendant to pay actual damages and equitable monetary relief to Plaintiffs and the other members of the Class;

C.     Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiffs and the other members of the Class;

D.     Ordering Defendant to pay statutory damages, as allowable by the statutes asserted herein, to Plaintiffs and the other members of the Class;

E.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

F.     Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiffs and the other members of the Class;

G.     Ordering Defendant to pay both pre- and post- judgment interest on any amounts awarded; and

H.     Ordering such other and further relief as may be just and proper.

Dated: New York, New York
       June 23, 2015

                                   Respectfully submitted,

                                   GABRIELLI LEVITT LLP

                           By: _____ .
                                   Michael J. Gabrielli (MG-2421)
                                   2426 Eastchester Road, Suite 103
                                   Bronx, New York 10469
                                   Tel.: (718) 708-5322

                                   *Counsel for Plaintiffs and the Proposed Class*

CLASS ACTION COMPLAINT

## VERIFICATION

STATE OF NEW YORK     )
                      )  ss.:
COUNTY OF NASSAU      )


MIQUEL CARIAS, being duly sworn, deposes and says that I am a Plaintiff herein, have read this lawsuit and am familiar with the allegations, which are true to my own knowledge, except as to those matters stated therein to be alleged on information and belief, and as to those matters, I believe them to be true.

Attached hereto as Exhibit A is a true and correct photograph of the challenged advertising statement, which appears on Plaintiffs' Roundup labels, and on all Roundup labels in New York.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is both true and correct.

_____
Miquel Carias

Sworn to before me
this 23rd day of June, 2015.

_____
Notary Public

IRIS M. GABRIELLI, ESQ.
Notary Public, State of New York
No. 02GA6171652
Qualified in Nassau County
Commission Expires July 30, 2011 2019