

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

CHRISTOPHER C. COSTELLO
(212) 294-3336
ccostello@winston.com

July 27, 2015

**VIA ECF**

Hon. Judge Joan M. Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   <u>Carias et al. v. Monsanto Company, et al.,</u> Case No. 15 CV 3677 - JMA - GRB

Dear Judge Azrack:

We write on behalf of Defendant Monsanto Company ("Monsanto") pursuant to Rule IV(B) of Your Honor's Individual Rules to request a pre-motion conference on Monsanto's proposed motion to dismiss the class action complaint brought by *Miquel Carias, et al.* (collectively "Plaintiffs").

Plaintiffs purport to bring class action claims under New York General Business Law § 349 (Count I) and § 350 (Count II) that allege that consumers of Monsanto's commercial Roundup® product (a herbicide whose active ingredient is glyphosate) were misled by a statement on the product's label, "glyphosate targets an enzyme found only in plants, not in people or pets" because gut bacteria in a human's digestive track is susceptible to glyphosate.[1]  The complaint should be dismissed in its entirety on several independent grounds.

*First, Plaintiffs' claims are preempted by federal law*.  The Environmental Protection Agency ("EPA") regulates pesticides and the labeling of pesticides under the Federal Insecticide Fungicide and Rodenticide Act ("FIFRA").  FIFRA contains an express preemption clause barring any state labeling rule "in addition to or different from" FIFRA's.  7 U.S.C. § 136v(b).  Plaintiffs' claims for an injunction and damages constitute state labeling requirements that are in addition to FIFRA's, and are thus preempted.  *See Williams v. Dow Chem. Co.*, 255 F. Supp. 2d 219 (S.D.N.Y. 2003).  Congress appointed the EPA to determine the appropriate labeling of pesticides.  The EPA expressly approved Monsanto's commercial Roundup® label, demonstrating that it is not misbranded, and there is no basis for substituting Plaintiffs' ill-informed opinion for the considered scientific judgment of the EPA.

---

[1] Monsanto expressly reserves the right to assert additional arguments, and the arguments below are merely illustrative of the many reasons why Plaintiffs' Complaint is flawed and should be dismissed.



<div style="text-align:right">Date<br>Page 2</div>

*Second, Monsanto's commercial Roundup® label falls within the statutory safe harbors of GBL §§ 349 and 350.* It is a complete defense to claims under GBL §§ 349 and 350 that the complained-of advertisement is subject to and complies with the rules and regulations of a federal agency. *See Am. Home Products Corp. v. Johnson & Johnson*, 672 F. Supp. 135 (S.D.N.Y. 1987). Monsanto's commercial Roundup® product is a pesticide regulated by the EPA, which reviewed and approved the complained-of Roundup® label. Consequently, Plaintiffs cannot assert claims under GBL §§ 349 and 350 of unfair trade practices or false advertising based on a statement appearing on the label which the EPA, applying its own regulations under FIFRA, expressly approved.

*Third, Plaintiffs have failed to state a claim upon which relief can be granted.* Claims under GBL §§ 349 and 350 are only viable if a "reasonable consumer acting reasonably" would be misled about the representations made on the products at issue. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). This Court can make this determination "as a matter of law" in a motion to dismiss. *Fink*, 714 F.3d at 741. Here, Plaintiffs allege that Monsanto's commercial Roundup® label is misleading because the active ingredient in Roundup® putatively "targets" gut bacteria. However, the complaint fails to plead any facts that plausibly suggest: (1) that Roundup® could ever "target" gut bacteria through any reasonable use of that product; (2) that the complained-of statement played any material role in the purchasing decisions of reasonable consumers; or (3) that a reasonable consumer would interpret the Roundup® label as having anything to do with "gut bacteria" in the first place. For all of these reasons, the Complaint does not plausibly allege that any reasonable consumer would be misled about Roundup®.

*Finally, Plaintiffs fail to sufficiently allege injury under GBL § 350.* New York law has expressly rejected damages theories based upon "out of pocket" harm. *See Small v. Lorillard Tobacco Co.,* 94 N.Y.2d 43, 56, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999). Plaintiffs do not allege that they paid a premium for Monsanto's commercial Roundup® product, only that they would not have purchased the product or would have purchased an alternative product in the absence of the representation. Plaintiffs are not entitled to a refund of the purchase price under GBL § 350, and they have not demonstrated any ill health effects suffered from using the product.

For these reasons, among others, Monsanto respectfully requests that the Court convene a pre-motion conference to schedule briefing on Monsanto's proposed motion.

<div style="margin-left:50%">Respectfully submitted,<br><br>  /s/ Christopher C. Costello<br>Christopher C. Costello</div>

cc:  All counsel of record